1  BUCHALTER
   A Professional Corporation
2  KEVIN T. COLLINS (SBN: 173669)
   JACQUELINE N. VU (SBN: 287011)
3  500 Capitol Mall, Suite 1900
   Sacramento, CA 95814
4  Tel: (916) 945-5170
   Email:   kcollins@buchalter.com
5           jvu@buchalter.com

6  Attorneys for Defendant
   MCCLARIN PLASTICS LLC
7

8  HANSON BRIDGETT LLP
   ANDREW W. STROUD (SBN: 126475)
9  500 Capitol Mall, Suite 1500
   Sacramento, CA 95814
10 Tel: (916) 442-3333
   Email: astroud@handsonbridgett.com
11
   Attorneys for Plaintiff
12 SUB SEA SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| SUB SEA SYSTEMS, INC. a Wyoming corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MCCLARIN PLASTICS LLC, a Delaware Limited Liability Company,<br><br>Defendant. | CASE NO. 2:18-CV-00110-JAM-EFB<br><br>STIPULATION AND ORDER REGARDING SETTLEMENT<br><br><br>Complaint filed: January 18, 2018<br>Trial date:   Not yet set. |

STIPULATION AND ORDER REGARDING SETTLEMENT - CASE NO. 2:18-CV-00110-JAM-EFB

## STIPULATION AND ORDER REGARDING SETTLEMENT

This Stipulation and Order Regarding Settlement is entered into by and between Plaintiff, Sub Sea Systems, Inc. ("Plaintiff"), and Defendant, McClarin Plastics LLC ("Defendant"). Each of the parties identified above are sometimes referred to herein individually as a "Party" and collectively, as the "Parties." This Stipulation and Order Regarding Settlement has an effective date of May 25, 2018 ("Effective Date"). This Stipulation and Order Regarding Settlement is based upon the following recitals:

## RECITALS

A. On January 18, 2018, Plaintiff filed a Complaint in the United States District Court, Eastern District of California, against Defendant for (i) Breach of Contract; (ii) Implied Covenant of Good Faith and Fair Dealing; (iii) Breach of Implied Warranty; (iv) Fraud; (v) Negligent Misrepresentation; (vi) Unfair Business Practice (Bus. & Prof. Code § 17200); and (vii) Common Count-Money Had and Received. The case was styled as *Sub Sea Systems, Inc. v. McClarin Plastics LLC*, Case No. 2:18-CV-00110-JAM-EFB, and shall be referred to herein as the "Action."

B. The Parties have agreed to resolve all disputes between them relating to the above-referenced Action.

NOW, THEREFORE, in consideration of the mutual covenants and other consideration recited below, the receipt and sufficiency of which is hereby acknowledged, the Parties stipulate and agree as follows:

## STIPULATION

1. RECITALS.

    1.1 Each of the foregoing Recitals are true and correct and are incorporated by reference as though set forth fully at length.

///

///

///

1
STIPULATION AND ORDER REGARDING SETTLEMENT - CASE NO. 2:18-CV-00110-JAM-EFB

2. SETTLEMENT.

    2.1    In consideration for this Stipulation and Order Regarding Settlement, Plaintiff agrees to accept in full settlement and compromise of its claims against Defendant in the Action, a payment in the total sum of Fifty One Thousand, One Hundred, Seventy-Seven Dollars, and Fifty Cents ($51,177.50) ("Settlement Amount"). Defendant shall cause the payment to be made by issuing a check to Sub Sea Systems, Inc. Defendant shall issue three (3) monthly payments of Twelve Thousand, Seven Hundred and Ninety Four Dollars ($12,794.00) each, and one (1) monthly payment of Twelve Thousand, Seven Hundred and Ninety Five Dollars and Fifty Cents ($12,795.50) (collectively, the "Monthly Payments") until the Settlement Amount is paid in full.

    2.2    The Cash Settlement shall be paid by Defendant as follows:

| Due Date | Amount Due |
| --- | --- |
| May 31, 2018 | $12,794.00 |
| June 30, 2018 | $12,794.00 |
| July 31, 2018 | $12,794.00 |
| August 31, 2018 | $12,795.50 |

    2.3    Defendant agrees that in the event that Defendant defaults by failing to make a Monthly Payment as indicated, Plaintiff shall be entitled to an immediate judgment in the amount of Sixty Five Thousand Dollars ($65,000.00), less credit for any payments made pursuant to this Stipulation and Order Regarding Settlement.

    2.4    No Judgment will be entered unless Defendant defaults in connection with the payments due under this Stipulation and Order Regarding Settlement. In the event Defendant fails to make a Monthly Payment, Plaintiff will provide written notice to Defendant as provided in this Stipulation and Order Regarding Settlement. Defendant shall have three (3) calendar days to cure the default from the date the written notice is delivered to Defendant.

    2.5    In the event Defendant fails to cure any default three (3) calendar days after written notice to Defendant, Plaintiff, or its assigns, may apply *ex parte* to have a judgment entered, and without further notice to Defendant, against Defendant for the Sixty Five Thousand Dollars ($65,000) less any payments made by Defendant pursuant to this Stipulation and Order

2

STIPULATION AND ORDER REGARDING SETTLEMENT - CASE NO. 2:18-CV-00110-JAM-EFB

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 33054777v1

14406117.1

Regarding Settlement (the "Judgment").

  2.6 In the event of a default by Defendant, Plaintiff shall be entitled to recover reasonable attorneys' fees incurred in enforcing and collecting the judgment, once entered, as well as all amounts permitted by California law in connection with the enforcement of a judgment or otherwise available by law.

  2.7 Upon full execution of this Stipulation and Order Regarding Settlement and not more than seven (7) days after Plaintiff's receipt and clearance of the last Monthly Payment of $12,795.50 from Defendant, Plaintiff shall dismiss this Action without prejudice.

3. NOTICE.

  3.1 All notices, demands, consents, and other communications that may be required or otherwise provided for or contemplated under this Stipulation and Order Regarding Settlement shall be in writing and shall be deemed properly given and received: upon delivery, if delivery is in person, certified mail, or overnight delivery with Federal Express or another comparable overnight courier service, to the following persons:

As to Defendant McClarin Plastics LLC:

BUCHALTER  
A Professional Corporation  
KEVIN T. COLLINS (SBN: 173669)  
JACQUELINE N. VU (SBN: 287011)  
500 Capitol Mall, Suite 1900  
Sacramento, CA 95814  
Tel: (916) 945-5170  
Email: kcollins@buchalter.com  
jvu@buchalter.com

As to Plaintiff Sub Sea Systems, Inc.

HANSON BRIDGETT LLP  
ANDREW W. STROUD (SBN: 126475)  
500 Capitol Mall, Suite 1500  
Sacramento, CA 95814  
Tel: (916) 442-3333  
Email: astroud@handsonbridgett.com

## 4. RELEASES

4.1     Subject to the rights and obligations of the Parties set forth in this Stipulation and Order Regarding Settlement, and only upon full payment to Plaintiff of all sums due under this Stipulation and Order Regarding Settlement, Plaintiff, on behalf of itself and all affiliates, successors, and assigns, and each of its respective members, partners, shareholders, managers, officers, directors, employees, agents and other representatives, hereby absolutely and forever release and discharge Defendant and its current or former subsidiaries, affiliates, parent companies, officers, directors, shareholders, members, employees, insurers, agents and representatives including, but not limited to predecessors, successors, assigns, heirs, and each of them, of and from any and all claims, demands, damages, debts, liabilities, accounts, reckonings, obligations, costs (including attorneys' fees), expenses, liens, promises, agreements, contracts, covenants, actions, and causes of action of every kind and nature whatsoever by reason of any act and/or omission from the beginning of time through and including the date of execution of this agreement, including without limitation any and all liabilities, claims, actions, losses or any other damages arising out of, which hereinafter may arise out of, or which are otherwise related to the Complaint set forth above, the obligations owed to Plaintiff, and the Action.

4.2     It is the intention of the Parties that this Stipulation and Order Regarding Settlement shall be effective as a full and final accord and satisfaction and release of all claims released herein.  In furtherance of this intention, the Parties, acknowledge familiarity with section 1542 of the Civil Code of the State of California, which currently provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

4.3     The Parties, hereby waive and relinquish all rights and benefits which any of them may have under section 1542 of the Civil Code of the State of California or the similar law of any other state or jurisdiction, to the full extent that they may lawfully waive all such rights and benefits pertaining to the matters released in this Stipulation and Order Regarding Settlement.

4

## 5. NON-DISPARAGEMENT.

5.1 The Parties agree that, unless required to do by legal process, the Parties and their officers, directors, agents, employees and all those acting in concert or participation with any of them will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the other Party or its attorneys, representatives, affiliates, directors, officers, employees or agents. For purposes of this paragraph a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence or good character of the person or entity to whom the communication relates.

## 6. MISCELLANEOUS PROVISIONS.

6.1 <u>Attorneys' Fees</u>. In the event that any action or proceeding is brought to enforce any of the terms and conditions of this Stipulation and Order Regarding Settlement and/or the Judgment, then the Party in whose favor judgment shall be entered shall be entitled to have and recover from the other Party all costs and attorneys' fees incurred in connection with the enforcement action, including fees and expenses which may be incurred in connection with an appeal and/or the enforcement of the judgment.

6.2 <u>California Governing Law</u>. This Stipulation and Order Regarding Settlement shall be governed by and construed and interpreted in accordance with the laws of the State of California.

6.3 <u>Final Integrated Stipulation and Order Regarding Settlement</u>. This Stipulation and Order Regarding Settlement constitutes the entire, final and binding understanding between the Parties hereto. No other statement or representation, written or oral, express or implied, has been received or relied upon, and all prior and contemporaneous discussions, statements and negotiations made or which have occurred prior to or simultaneous with the date of this Stipulation and Order Regarding Settlement shall be deemed merged into this Stipulation and Order Regarding Settlement. No supplement, modification, or amendment of this Stipulation and

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 33054777v1

14406117.1

Order Regarding Settlement shall be binding unless executed in writing by the Parties. The Parties agree to execute such other documentation as may be necessary to carry out the terms of this Stipulation and Order Regarding Settlement.

      6.4     <u>Voluntary Settlement</u>. Each Party enters into this Stipulation and Order Regarding Settlement knowingly and voluntarily, in the total absence of any fraud, mistake, duress, coercion, or undue influence and after careful thought and reflection upon this Stipulation and Order Regarding Settlement. Accordingly, by signing this document, each signifies full understanding, agreement, and acceptance.

      6.5     <u>Representations by Counsel</u>. The Parties acknowledge that they have been represented by independent counsel of their choice throughout the course of negotiating, drafting, reviewing, and revising the Stipulation and Order Regarding Settlement.

      6.6     <u>Severability</u>. If any provision of this Stipulation and Order Regarding Settlement is determined by a court of law to be illegal or unenforceable, then, to the fullest extent permitted by law: (i) the remaining provisions herein shall remain in full force and effect; and (ii) the illegality or unenforceability of any provisions hereof shall not affect the legality or enforceability of such other provisions.

      6.7     <u>Successors and Assigns.</u> The provisions of this Stipulation and Order Regarding Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective predecessors, successors, and assigns.

      6.8     <u>Multiple Counterparts</u>. This Stipulation and Order Regarding Settlement, and any document referred to herein, may be executed in any number of counterparts and by facsimile or email (i.e., a .pdf file), each of which shall be deemed an original and all of which together shall constitute a single instrument.

      6.9     <u>Continued Jurisdiction of the Court</u>. The Parties agree that the **United States District Court, Eastern District of California** shall retain jurisdiction for one (1) year to resolve any disputes which might arise in the performance of this Stipulation and Order Regarding Settlement, including, but not limited to, the entry and enforcement of the Judgment in

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 33054777v1

14406117.1

the event of a default, as set forth above.

IN WITNESS WHEREOF, the Parties to this Stipulation and Order Regarding Settlement execute this Stipulation and Order Regarding Settlement as of the dates indicated below.

Dated: May___, 2018          Defendant MCCLARIN PLASTICS LLC

                             By: _____
                             Its: _____

Dated: May ___, 2018         Plaintiff SUB SEA SYSTEMS, INC.

                             By: _____
                             Its: _____

7
STIPULATION AND ORDER REGARDING SETTLEMENT - CASE NO. 2:18-CV-00110-JAM-EFB

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 33054777v1

14406117.1

AGREED TO AS TO FORM:

Dated: May____2018              BUCHALTER, A Professional Corporation


                                By: _____
                                       JACQUELINE N. VU


                                Attorneys for Defendant McCLarin Plastics LLC


Dated: May ____, 2018           HANSON BRIDGETT, LLP


                                By: _____
                                       ANDREW W. STROUD

                                Attorneys for Plaintiff Sub Sea Systems. Inc.

8
STIPULATION AND ORDER REGARDING SETTLEMENT - CASE NO. 2:18-CV-00110-JAM-EFB

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 33054777v1

14406117.1

## ORDER

The Court shall retain jurisdiction for a period of one year over this Action pursuant to the agreement of the parties in order to enforce the terms of the Stipulation and Order regarding Settlement and any judgment entered in accordance therewith.

IT IS SO ORDERED.

Date:  5/25/2018                              /s/ John A. Mendez_____

                                         JOHN A. MENDEZ
                                         UNITED STATES DISTRICT COURT JUDGE

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 33054777v1

**14406117.1**